**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CORA ROBINSON, as the wrongful death representative for the claimants entitled to recover for the wrongful death of Herbert Robinson,

      Plaintiff - Appellant,

v.

KUHR TRUCKING, LLC,

      Defendant - Appellee,

and

RIMEX, INC.,

      Defendant.

_____

CLAY ROBINSON,

      Plaintiff - Appellant,

and

CORA ROBINSON,

      Plaintiff,

v.

KUHR TRUCKING, LLC,

      Defendant - Appellee,

and

No. 19-8037
(D.C. No. 1:17-CV-00166-NDF)
(D. Wyo.)

No. 19-8074
(D.C. No. 1:19-CV-00025-NDF)
(D. Wyo.)

OTR WHEEL ENGINEERING, INC.;
GROVE US, LLC, f/k/a Manitowoc
Cranes, LLC,

      Defendants.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.
_____

These appeals arise from an accident resulting in the death of Herbert

Robinson (Herbert). At the time of the accident, Herbert was servicing a wheel on a

truck-mounted crane. In No. 19-8037, Herbert's widow, Plaintiff-Appellant Cora

Robinson, appeals from the district court's grant of summary judgment in favor of

Defendant-Appellee Kuhr Trucking, LLC (Kuhr) in her wrongful death action based

upon negligence. In No. 19-8074, Herbert's brother, Plaintiff-Appellant Clay

Robinson, who assisted Herbert and was present at the time of the accident, appeals

from the district court dismissal of his negligent infliction of emotional distress

(NIED) claim against Kuhr. Exercising jurisdiction under 28 U.S.C. §1291, we

affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In September 2015, an employee of Kuhr, Christian Shields, was driving the crane through Wyoming when a wheel began wobbling. Mr. Shields pulled over and contacted a dispatcher at Kuhr. The dispatcher contacted Herbert, the owner of a repair and tire shop in Wyoming, and asked him to go to a truck stop and fix the problem. Herbert attempted a couple of repairs but was unable to stop the wobble. Ultimately, Herbert realized that wear on the wheel's "Dana locks"[1] might be responsible. However, the parts were unavailable without order. Herbert tried to remove a "Dana lock" from another wheel and attach it to the hub of the wobbly wheel, but this did not fix the problem. Mr. Shields inquired whether switching the inner and outer rims and tires on the middle dually axle might work. Herbert said he could do so, and attempted the switch without deflating the tires. As Herbert was removing the last lug nut of the outer wheel, Clay was standing next to the wheel to catch it and Herbert was directly in front of it. But the rim assembly failed and exploded, causing the wheel to come off the axle and strike Herbert who died of his injuries.

The district court held that Kuhr owed no duty to Herbert. Herbert was an independent contractor, and Kuhr neither exercised control over the manner of his work nor his actions. The district court also dismissed Clay's NIED claim, taking judicial notice of its holding in the wrongful death case. On appeal, Plaintiff Cora

---

[1] Also known as "Dayton lockers."

Robinson argues that Kuhr had control and direction over the crane and its rims and was negligent in failing to inspect, repair, and maintain the rim. She also argues that she would be entitled to a presumption in her favor given that Kuhr intentionally destroyed the rim after a preservation letter was sent.[2] Clay agrees that the determination in Ms. Robinson's case will resolve his appeal of the dismissal of the NIED claim. Aplt. Br. (19-8074) at 12.

**Discussion**

We review a district court's grant of summary judgment de novo, applying the same standard as the district court. Teets v. Great-W. Life & Annuity Ins. Co., 921 F.3d 1200, 1211 (10th Cir. 2019). A movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(a)). We view the evidence in the light most favorable to the nonmoving party. Hardscrabble Ranch, LLC v. United States, 840 F.3d 1216, 1219 (10th Cir. 2016).

Whether a duty exists is a question of law, but whether an employer retained control over a subcontractor, thus creating a duty, is a question of fact. Merit Energy Co., LLC v. Horr, 366 P.3d 489, 496 n.5 (Wyo. 2016). A genuine dispute of material fact that could give rise to a duty precludes summary judgment. See Ruhs v. Pac. Power & Light, 671 F.2d 1268, 1271–72 (10th Cir. 1982), abrogated by Melton v.

---

[2] The district court dismissed Ms. Robinson's spoliation claim against Kuhr.

4

City of Oklahoma City, 879 F.2d 706 (10th Cir. 1989); Allmaras v. Mudge, 820 P.2d 533, 537 (Wyo. 1991).

We review de novo a district court's grant of a motion to dismiss for failure to state a claim. Employees' Ret. Sys. of Rhode Island v. Williams Companies, Inc., 889 F.3d 1153, 1161 (10th Cir. 2018). To survive a motion to dismiss, "a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104 (10th Cir. 2017) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## A. Mrs. Robinson's Wrongful Death Claim

The dispositive issue in these cases is whether Kuhr owed a duty of care to Herbert, an independent contractor. A negligence claim under Wyoming law requires the existence of a duty, breach of duty, proximate causation, and injury. Loredo v. Solvay Am., Inc., 212 P.3d 614, 622 (Wyo. 2009). An employer generally does not owe a duty to an independent contractor. Merit Energy, 366 P.3d at 494. However, there are special circumstances where a duty may exist under Wyoming law.

### 1. Ultrahazardous Instrumentalities

Wyoming courts have found that a higher standard of care applies where a contractor is an invitee and an ultrahazardous instrumentality such as electricity is involved. Ruhs, 671 F.2d at 1272. No party argues that a heightened standard of

5

care applies here.  Further, Herbert was not on Kuhr's premises at the time of the accident and the activity here was not ultrahazardous.

### 2.  Control over Contractor

In Wyoming, there are two other exceptions to the rule that employers do not owe a duty to independent contractors: when the employer retains control over (1) "any part of the work[;]" or (2) over the manner and means of doing the work. Merit Energy, 366 P.3d at 494–96; see also Restatement (Second) of Torts § 414.

Mrs. Robinson contends that Kuhr controlled Herbert's work, relying upon Jones v. Chevron U.S.A., Inc., 718 P.2d 890, 895 (Wyo. 1986) and Merit Energy, 366 P.3d 489.  In Jones, the court held that Chevron was liable for failing to turn off power lines that electrocuted a contractor because Chevron "maintain[ed] control over the hazard that cause[d] the harm."  718 P.2d at 895.  Likewise, the court found a duty owed to a contractor who was injured while working on a well where the employer maintained control over the conditions of the work, retained authority over the well, and instructed the contractor.  Merit Energy, 366 P.3d at 499.

However, this case differs from Jones and Merit Energy.  Jones involved an ultrahazardous instrumentality, which was not present here.  Further, in Jones, the independent contractor was not expected to turn off the power lines; only Chevron could do that.  Jones, 718 P.2d at 896.  Here, Herbert was injured while correcting a problem within his expertise.  Mr. Shields suggested a possible fix for the problem, but the details of how to fix it were up to Mr. Robinson.  Kuhr did not instruct Herbert how to take the outer wheel off the axle and switch it with the inner wheel.

Herbert alone decided whether to deflate the tire, whether to stand directly in front of it, what tools to use, and the method and manner in which to disassemble the Dayton lockers and lug nuts. In addition, Herbert used at least some of his own equipment (a railroad tie) and did not perform the repair on Kuhr's premises.

### 3. Duty to Inspect Imposed by the MCSA

Kuhr also did not owe Herbert a duty under The Motor Carrier Safety Act (MCSA). The MCSA imposes a duty to inspect and maintain commercial motor vehicles. See Motor Carrier Safety Act, 49 U.S.C. §§ 31501–31505; see also 49 C.F.R. § 396.17. Mrs. Robinson did not raise this claim in her first complaint. When she sought leave to amend, the district court denied it. She has not challenged this decision and has not argued for plain error review – she has waived this claim. See Richison v. Ernest Grp., 634 F.3d 1123, 1131 (10th Cir. 2011).

Even were we to review it de novo, Kuhr had no obligation under the MCSA. For these statutory obligations to attach, the party must owe a duty in the first instance. Franks v. Indep. Prod. Co., 96 P.3d 484, 494 (Wyo. 2004); Krauchanka v. FedEx Freight, Inc., No. 2:16-CV-0013-SWS, 2017 WL 5203045, at *6 (D. Wyo. Apr. 14, 2017). We have found no such duty; Kuhr does not have statutory obligations to Mr. Robinson under the MCSA.

## B. Clay Robinson's NIED claim

Since duty is an essential element of an NIED claim in Wyoming, see Gates v. Richardson, 719 P.2d 193, 194–98 (Wyo. 1986), the district court was also correct to dismiss Clay's NIED claim.

7

Both judgments are AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge